CHARLES B. FRANC, Respondent, v. HENRY H. DICKINSON, Appellant.

*Promissory note — delivered for value with the understanding that it was to be paid only upon certain conditions — right of a bona fide purchaser to enforce payment thereof.*

In an action, brought upon a promissory note signed by the defendant, made payable to his own order and indorsed by him, evidence was given upon the trial tending to show that the consideration of the note was a purchase of stock by the defendant from J. L. Sterner, under an agreement that the seller would hold the note until the stock was sold; that the note was to be paid out of the sale of the stock, and was not to be paid if the stock was not sold.

*Held,* that, under this arrangement, the note had a valid and legal inception, and as it was delivered thereunder, and the plaintiff was an innocent purchaser of this negotiable paper for value, he was entitled to recover.

That the fact that the defendant stated to the plaintiff, before the latter purchased the note, that he "supposed it was all right, but that it was distinctly understood that the note was not to be negotiated," did not constitute any defense thereto.

Appeal by the defendant from a judgment entered, upon the trial of the action at the Kings County Circuit, in the office of the clerk of the county of Kings on November 7, 1888.

The action was brought by the plaintiff upon a promissory note made by the defendant to his own order, and indorsed by him. The errors complained of were the exclusion of certain evidence offered upon the trial, and the refusal to submit the issues to the jury.

*James McKeen,* for the appellant.

*Lockwood & Hill,* for the respondent.

Barnard, P. J.:

The evidence shows no defense to the note, which is the basis of this action. It is given to a Mr. Sterner under the following circumstances: "Mr. Sterner said it was desirable that the stock should be controlled by a few persons; asked me to take fifty thousand shares to control the stock, and asked me to give him notes for the amount; he quoted the stock at fifteen and twenty cents a share, and said that by a few parties controlling it, it would bring the price up in value;" * * * "he assured me that he would hold the notes, keep the

notes in his possession till such time as the stock was disposed of, * * * that when the stock was sold I should have credited to me if there was anything over and above this price, it should be credited to my account, and these notes would be paid after the sale of the shares of stock, and if the stock was not sold the notes were not to be paid."

This transaction is a purchase of stock by the defendant under an agreement that the seller could hold the notes until the stock was sold, and then out of the sales the notes were to be paid, and not to be paid if the stock was not sold. Under this arrangement the note had a valid legal inception and was delivered thereunder. Sterner sold the note to Wilde, and Wilde to plaintiff before it matured. The case does not rest alone upon the transaction. Wilde before he purchased the note went to the defendant and was told by him that "so far as giving the note to Sterner was con cerned I supposed it was all right, but that it was distinctly under stood that the note was not to be negotiated." Wilde purchased on the faith of this statement. There was no denial of the note itself or its consideration, or of its delivery. It was not to be negotiated by the person to whom it was given. This agreement made no defense to the note if it was violated; and if there was a deeper meaning in it, the defendant should have stated it when he was asked about the note in such a way as to indicate a design to purchase it if it was a good note. The plaintiff was an innocent purchaser of negotiable paper for value, and was entitled to recover. (*Stalker* v. *McDonald*, 6 Hill, 93; *Seneca County Bank* v. *Neass*, 5 Den., 329; *Comstock* v. *Hier*, 73 N. Y., 269.)

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J , concurred; PRATT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.